360 So.2d 415 (1978)
AM FI INVESTMENT CORPORATION et al., Appellants,
v.
Jack KINNEY, Zearl Lancaster, Marvin G. Beck, Charles Deese and Kenneth Kelson, As and Constituting the Board of County Commissioners of Escambia County, Florida and Escambia County, Florida: Appellees.
No. 52407.
Supreme Court of Florida.
June 8, 1978.
J. McHenry Jones of Jones & Welch, Pensacola, for appellants.
Robert L. Shevin, Atty. Gen. and Larry Levy, Asst. Atty. Gen., Tallahassee, and Joe J. Harrell of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellees.
HATCHETT, Justice.
Chapters 76-368 and 76-371, Laws of Florida, Special Acts, provide for repayment by the county to leaseholders on Santa Rosa Island an amount equal to all ad valorem taxes, for county and school purposes paid by them on their possessory interests from 1972 through 1974.[1] The trial court found that these acts violated the state constitution, and granted final summary judgment for appellees. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution (1968). We affirm the trial court's order holding these special acts to be unconstitutional on the grounds that they provide for an indirect exemption from ad valorem taxes not authorized by our state constitution and provide for refund to leaseholders of ad valorem taxes lawfully paid during 1972, 1973, and 1974.
Recently, in Archer v. Marshall, 355 So.2d 781 (Fla. 1978), we determined that a similar special act was unconstitutional because it unlawfully provided for an indirect exemption from ad valorem taxes for certain leaseholders on Santa Rosa Island. There, we also concurred in the trial court's conclusion that the legislative determination which found the county to have been unjustly enriched in an amount equal to the ad valorem taxes paid by island leaseholders had no reasonable foundation in fact. The act held unconstitutional in Archer involved *416 a reduction in future rental payments for leaseholders in amounts equal to ad valorem taxes paid by them during the previous year. The special acts involved in this case involve retroactive payment of tax monies paid or owing by Santa Rosa Island leaseholders for 1972 through 1974. The trial court recognized that this court had previously held in Straughn v. Camp, 293 So.2d 689 (Fla. 1974) that the Santa Rosa Island leasehold interests were not performing or serving a public purpose. The trial court further determined that the overall effect of these two special acts is to relieve the Island leaseholders from ad valorem tax burdens for these previous years. We agree with the trial court that the Florida Constitution requires that all property used for private purposes bear its just share of the tax burden for the support of local government and education, with certain exceptions specifically enumerated in the constitution.
Accordingly, for these reasons and the reasons set forth at length in Archer, we affirm the trial court's order and hold Chapters 76-368 and 76-371, Laws of Florida, Special Acts, violate Article VII, Section 3[2] and Article III, Section 11(a)(8),[3] Florida Constitution (1968), and are invalid.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and ALDERMAN, JJ., concur.
NOTES
[1] In addition, the county is directed by these acts to reimburse all penalties and interest incurred for late payment of these taxes.
[2] Article VII, Section 3. Taxes; exemptions. 

(a) All property owned by a municipality and used exclusively by it for municipal or public purposes shall be exempt from taxation. A municipality, owning property outside the municipality, may be required by general law to make payment to the taxing unit in which the property is located. Such portions of property as are used predominantly for educational, literary, scientific, religious or charitable purposes may be exempted by general law from taxation.
(b) There shall be exempt from taxation, cumulatively, to every head of a family residing in this state, household goods and personal effects to the value fixed by general law, not less than one thousand dollars, and to every widow or person who is blind or totally and permanently disabled, property to the value fixed by general law not less than five hundred dollars.
[3] Article III, Section 11(a)(8) provides:

(a) There shall be no special law or general law of local application pertaining to:
(8) refund of money legally paid or remission of fines, penalties or forfeitures.