396 So.2d 1120 (1981)
DEPARTMENT OF REVENUE OF the STATE OF FLORIDA, Petitioner,
v.
William MARKHAM, As Broward County Property Appraiser et al., Respondents.
No. 58216.
Supreme Court of Florida.
March 12, 1981.
Rehearing Denied May 8, 1981.
*1121 Jim Smith, Atty. Gen., and E. Wilson Crump, II, Asst. Atty. Gen., Tallahassee, for petitioner.
Joel M. Weissman of Christiansen, Jacknin & Myers, Palm Beach, and Gaylord A. Wood, Jr., Fort Lauderdale, for respondents.
ENGLAND, Justice.
On the basis of a direct conflict of decisions, the Department of Revenue has asked us to review an adverse ruling by the First District Court of Appeal, reported at 381 So.2d 1101, to the effect that household goods owned by nonresidents were exempt from ad valorem taxation. Despite an extensive legal analysis by a majority of the district court with regard to the tax issue presented, we are compelled to reverse the decision on the ground the lawsuit was improperly commenced by one who lacked legal standing and should never have been entertained.[1]
This proceeding was a declaratory action brought in 1978 by William Markham, as property appraiser (later joined by another appraiser as intervenor), who claimed to be in doubt as to the law, or unable to apply it, with respect to taxation of household goods. Markham also expressed his dissatisfaction with the wisdom of the law. A majority of the district court ruled that the appraisers had standing to maintain the suit, essentially relying on a 1972 precedent from this Court. A more thorough, contrary analysis of the standing issue appears in Judge Ervin's dissent, however, beginning in 381 So.2d at 1111. We align ourselves with that analysis.
For important policy reasons, courts have developed special rules concerning the standing of governmental officials to bring a declaratory judgment action questioning a law those officials are duty-bound to apply. As a general rule, a public official may only seek a declaratory judgment when he is "willing to perform his duties, but ... prevented from doing so by others." Reid v. Kirk, 257 So.2d 3, 4 (Fla. 1972). Disagreement with a constitutional or statutory duty, or the means by which it is to be carried out, does not create a justiciable controversy or provide an occasion to give an advisory judicial opinion. See Askew v. City of Ocala, 348 So.2d 308 (Fla. 1977). Since the property appraisers under section 195.027(1), Florida Statutes (1977), had a clear statutory duty to comply with the prescribed Department of Revenue regulations governing the taxability of household goods,[2] they clearly lacked standing for declaratory relief in their governmental capacities.
Because this case was filed by Markham not only in his official capacity but as a citizen and taxpayer, we must also consider whether those capacities supply standing. We conclude they do not.
The complaint for declaratory relief contained no allegation of any special injury, and it did not attack the constitutionality of the taxing statutes in question. It has long been the rule in Florida that, in the absence of a constitutional challenge, a taxpayer may bring suit only upon a showing of special injury which is distinct from that suffered by other taxpayers in the taxing district. Department of Administration v. Horne, 269 So.2d 659 (Fla. 1972); Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205 (1917). The rationale for the rule was *1122 recently restated in Paul v. Blake, 376 So.2d 256, 259 (Fla.3d DCA 1979):
This rule is based on the sound policy ground that without a special injury standing requirement, the courts would in all likelihood be faced with a great number of frivolous lawsuits filed by disgruntled taxpayers who, along with much of the taxpaying public these days, are not entirely pleased with certain of the taxing and spending decisions of their elective representatives. It is felt that absent some showing of special injury as thus defined, the taxpayer's remedy should be at the polls and not in the courts. Moreover, it has long been recognized that in a representative democracy the public's representatives in government should ordinarily be relied on to institute the appropriate legal proceedings to prevent the unlawful exercise of the state or county's taxing and spending power.
The allegations of Markham's complaint, alleging no special injury and no constitutional infirmity, foreclose any justiciable basis for procuring declaratory relief in his non-governmental capacity.
In Williams v. Howard, 329 So.2d 277 (Fla. 1976), we reiterated from an earlier decision the standing basis for declaratory suits:
Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.
Id. at 282 (quoting May v. Holley, 59 So.2d 636, 639 (Fla. 1952)). The lawsuit here presents no genuine controversy affecting nonresidents actually aggrieved by the taxation of their household goods.
The opinion of the district court is quashed and this cause is remanded to the district court for further remand to the trial court with directions to dismiss the complaint.
It is so ordered.
SUNDBERG, C.J., and OVERTON, ALDERMAN and McDONALD, JJ., concur.
ADKINS and BOYD, JJ., dissent.
NOTES
[1] We make no comment on the applicability to a suit such as this of newly-enacted section 195.092(2). Ch. 80-274, § 6 Laws of Florida. That law is expressly made applicable to tax rolls and tax levies for 1980 and subsequent years. Id., § 64(1).
[2] Florida Administrative Code rule 12D-7.02.