PER CURIAM.
Petitioners, the Florida Administration Commission, the Florida Land and Water Adjudicatory Commission, the Florida Department of Community Affairs, and Governor Bob Graham (as Chairman of the *125 Florida Administration Commission and of the Florida Land and Water Adjudicatory Commission), seek review of an order of the trial court determining that Commissioner Swift had the necessary standing to litigate in a declaratory judgment action the effect of certain rules promulgated by the Administration Commission. For the reasons which follow, we grant certiorari and quash the trial court’s order.
In their official capacities, Senator Lawrence H. Plummer, Representative Joseph B. Allen, Jr., and Commissioner Edwin 0. Swift, III, questioned the validity of Chapter 27-F-8 of the Florida Administrative Code and sought a declaratory judgment. Chapter 27-F-8 contains the revised Principles for Guiding Development for the Florida Keys Area of Critical State Concern. Though the circuit court dismissed Plum-mer and Allen from the suit, it found that the decisions of Commissioner Swift were substantially affected and held that he had standing to seek a declaratory judgment. We disagree. By holding that Swift had standing, the circuit court departed from the essential requirements of law. Certio-rari is appropriate. See Combs v. State, 436 So.2d 93 (Fla.1983).
In Florida, the general rule is that a public official may not seek a declaratory judgment as to the nature of his duties unless he “is willing to perform his duties, but is prevented from doing so by others.” Reid v. Kirk, 257 So.2d 3, 4 (Fla.1972); see Department of Revenue v. Markham, 396 So.2d 1120, 1121 (Fla.1981). The validity of the law is to be assumed by the public official who is to carry it out. By the same token, that official does not have standing to sue for the purpose of determining that the law is not valid. Department of Education v. Lewis, 416 So.2d 455, 458 (Fla.1982); Miller v. Higgs, 468 So.2d 371, 374 (Fla. 1st DCA 1985). The foregoing principles are equally applicable when a public official questions the validity of a regulation or rule because a valid rule or regulation of an administrative agency has the force and effect of law. See Florida Livestock Board v. Gladden, 76 So.2d 291, 293 (Fla.1954); Bystrom v. Equitable Life Assurance Society, 416 So.2d 1133, 1142 n. 9 (Fla. 3d DCA 1982), rev. denied, 429 So.2d 5 (Fla.1983); see also Markham, 396 So.2d at 1121 (court held property appraisers lacked standing to contest Department of Revenue regulations). Because Commissioner Swift has not been prevented from performing his duties under the Florida Administrative Code and because those rules are to be presumed valid, declaratory judgment is inappropriate.
Accordingly, the order under review is quashed, and this action is remanded with directions to dismiss.