The Honorable Sam J. Colding Property Appraiser Collier County 3301 Tamiami Trail East Naples, Florida 33962-4902
Dear Mr. Colding:
This is in response to your request for an opinion on the following question:
 IF THERE IS NO WRITTEN AGREEMENT, WHO SHOULD PAY THE TAX ON THE 99-YEAR LEASE WHEN THERE IS NO HOMESTEAD ON INDIVIDUAL APARTMENTS WITHIN THE APARTMENT COMPLEX?
In your letter of inquiry you note that the homestead exemption provisions of s. 196.031, F.S., expressly provide that a "tenant-stockholder or member of a cooperative apartment corporation," who meets the other requirements of the homestead exemption laws of this state, is deemed to be the owner of an apartment in a cooperative apartment building for homestead exemption purposes. See, s. 196.031(1), F.S. The provisions of s.196.031 also expressly provide that a "corporation leasing land for a term of 98 years or more for the purpose of maintaining and operating a cooperative apartment thereon shall be deemed the owner for the purposes of this [homestead] exemption." Section196.031(2), F.S.
However, in light of the question as stated, your letter of inquiry apparently is not addressed to the applicability of any of the provisions of Florida law dealing with homestead exemption from ad valorem taxation. Thus, I construe your letter to raise the question of who is the taxpayer for ad valorem tax purposes with respect to a privately owned parcel of land subject to a 99-year lease where there are no written provisions in the lease or other documents dealing with the question of ad valorem tax liability. This office, however, has not been advised whether the lessee is acting or has been designated as the agent of the owner; accordingly, it is assumed for purposes of this opinion and the comments expressed herein that the lessee is not acting as the owner's agent.
It is a well-established rule of ad valorem tax law in this state that the levy and assessment of property taxes is on the land itself, as opposed to any separate interest therein. See, Wolfson v. Heins, 6 So.2d 858 (Fla. 1942); Bancroft Investment Corporation v. City of Jacksonville, 27 So.2d 162, 167 (Fla. 1946); and Department of Revenue v. Morganwoods Greentree, Inc.,341 So.2d 756 (Fla. 1976). In the Morganwoods Greentree case the Florida Supreme Court expressly reaffirmed the general principle that property taxation ignores the fragmenting of ownership and that the landowner will still be taxed as though he possessed the property in fee simple, notwithstanding the mortgage, lease, or sublease of the property. Id. at 758.
In the case of Park-N-Shop, Inc. v. Sparkman, 99 So.2d 571
(Fla. 1957), the Florida Supreme Court was faced with the question of whether a private leasehold interest in county owned property was subject to separate assessment for ad valorem tax purposes. The Supreme Court answered the question in the negative by observing at 574 that:
 In our examination of the tax statutes we have not found provisions for the specific assessment of the lessees' interest and we have been referred to none, although we are not conscious of any reason why the legislature could not set up machinery for that purpose in situations such as that presented in this case. . . .
In 1971, the Legislature did provide a statutory basis for the separate assessment of private leasehold interests in governmentally-owned real property by the passage of Ch. 71-133, Laws of Florida, creating the statutory provisions of s.196.001(2), F.S. However, since 1980 (see, Ch. 80-368, Laws of Florida), even such leasehold interests in governmentally-owned property have been classified for ad valorem taxation as intangible personal property, rather than as interests in real property. See, ss. 196.199(2)(b) and 199.023(1)(d), F.S.
It has also been long recognized in this state that, at common law, a leasehold estate was considered as a chattel real (or a species of personal property) and, in the absence of a statute changing the common law rule, a leasehold is to be classified as personalty rather than realty. See, Williams v. Jones,326 So.2d 425 (Fla. 1975), appeal dismissed, 429 U.S. 803 (1976); Thalheimer v. Tischler, 46 So. 514, 518 (Fla. 1908); Miller v. Higgs,468 So.2d 371, 376 (1 D.C.A.Fla., 1985); and Oliver v. Mercaldi,103 So.2d 665, 668 (2 D.C.A.Fla., 1958). And see, s. 2.01, F.S., expressly declaring the English common law in force in this state to the extent not inconsistent with the Constitution and laws of the United States and the acts of the Legislature of this state. I am not aware of any current statutory provisions (other than those dealing with the assessment of subsurface rights and the application of homestead exemption) where a leasehold estate in privately-owned land is treated as synonymous with ownership of the fee title to said land for ad valorem taxation.
There is an express statutory definition of the term "real property" for purposes of ad valorem taxation. Subsection (12) of s. 192.001, F.S., reads as follows: "`Real property' means land, buildings, fixtures, and all other improvements to land. The terms `land,' `real estate,' `realty,' and `real property' may be used interchangeably." In AGO 53-78, one of my predecessors in office construed a statute with similar language (s. 192.02, F.S. [1963]. The then Attorney General held that the easements and other interests in real property representing less than full fee ownership are not separately taxable, unless the Legislature so determines.
I also note that s. 192.001(13), F.S., defines the term "taxpayer" for ad valorem taxation as "the person or other legal entity in whose name property is assessed, including an agent of a time-share period titleholder." In AGO 72-296 and AGO 71-85, another predecessor in office construed the provisions of s.192.001(13), F.S. (1971), and held that the term "taxpayer" was the owner of the fee simple title to the property. See also, the provisions of s. 193.114(2)(e), F.S., prescribing that:
 (2) The department shall promulgate regulations and forms for the preparation of the real property assessment roll to reflect:
* * *
 (e) The owner or fiduciary responsible for payment of taxes on the property, his address, and an indication of any fiduciary capacity (such as executor, administrator, trustee, etc.) as appropriate. (e.s.)
In summary, it is my opinion, based upon the above-cited legal authorities, that privately-owned property subject to a 99-year lease should be assessed in the name of the owner of the fee simple title to the land.
Sincerely,
Jim Smith Attorney General
Prepared by:
J. Terrell Williams Assistant Attorney General