Mr. John G. Hubbard City Attorney City of Dunedin Post Office Box 1178 Dunedin, Florida 34698-1178
Dear Mr. Hubbard:
You have asked on behalf of the City of Dunedin substantially the following question:
May the City of Dunedin provide an incentive for the annexation of property into the municipality by passing an ordinance allowing a rebate of a portion of the ad valorem taxes collected on the newly annexed property?
In sum, I am of the following opinion:
The City of Dunedin may not provide for the rebate of ad valorem taxes collected on newly annexed property, in the absence of constitutional or statutory authority allowing such action.
Section 9(a), Art. VII, State Const., provides:
Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution.
It is well settled that a municipality derives its taxing power from s. 9, Art. VII, State Const.[1] While s. 166.021, F.S., secures for municipalities the broad exercise of home rule powers granted by s. 2(b), Art. VIII, State Const., municipalities possess no home rule powers to levy taxes.[2] Thus, a municipality must be able to point to constitutional or statutory authority in exercising its taxing power.
It is constitutionally prescribed that "[a]ll ad valorem taxation shall be at a uniform rate within each taxing unit . . . ."[3]
This has been judicially determined to mean that the Legislature has the power to classify property so that all property devoted to private use is treated in the same basis and in a manner such that the tax burden is equitable distributed.[4]
Thus, all property used for private purposes must bear its just share of the tax burden for support of local government, unless it falls within a specifically enumerated constitutional exception.[5] Section 171.061(1), F.S., makes property newly annexed to a municipality subject to the taxes and debts of the municipality on the effective date of the annexation. Such property is exempted from municipal ad valorem taxation for the current year, however, if the effective date of the annexation falls after the municipal governing body levies the tax. It is a general rule of statutory construction that a legislative directive as to how a thing shall be done is, effectively, a prohibition against its being done any other way.[6]
You state that property in the newly annexed areas would be taxes at the same rate as other property within the municipality. Under the proposed ordinance, however, for a limited period of time property owners would receive a direct reimbursement of a portion of the ad valorem taxes paid.
In Archer v. Marshall,[7] The Supreme Court of Florida found unconstitutional a special act providing for a reduction in rent paid to the Santa Rosa Island Authority in an amount equal to the ad valorem taxes paid on the leasehold interest for the previous year. The Court determined that the law created an indirect exemption from ad valorem taxation not authorized by the State Constitution.[8]
The rebate of a portion of the ad valorem taxes paid on newlyannexed property is analogous to the offset found to be unauthorized in Archer. Such a rebate provides an indirect exemption from taxation which has no constitutional or statutory basis.
This office has previously concluded that exemptions from ad valorem taxation must be strictly construed as found in the Florida Constitution.[9] It has been judicially determined that the Constitution, having specified those tax exemptions which are allowed, excludes all others.[10] Furthermore, a municipality may not enter into agreements promising not to impose ad valorem taxes or granting tax exemptions in the absence of specific legislative authority.[11]
Accordingly, in the absence of a specific legislative provision supported by constitutional authority, the City of Dunedin may not enact an ordinance providing for the rebate of ad valorem taxes levied and collected on newly-annexed property.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Contractors and Builders Association of Pinellas County v. City of Dunedin, 329 So.2d 314, 317 (Fla. 1976). See also, City of Tampa v. Birdsong Motors, Inc., 261 So.2d 1(Fla. 1972) (municipality's power to tax is subject to the restrictions in s. 9, Art. VII, State Const.).
[2] See, AGO 74-270 (s. 1(a), Art. VII, State Const., limits the taxing power of municipalities, requiring a general law authorizing any tax other than ad valorem taxes). Cf., AGO 84-65 (units of local government have no inherent power to impose taxes; the taxing power must be derived from the state).
[3] Section 2, Art. VII, State Const. 
[4] See, Williams v. Jones, 326 So.2d 425, 432 (Fla. 1975), appeal dismissed, 429 U.S. 803 (1975).
[5] Am Fi Investment Corporation v. Kinney, 360 So.2d 415 (Fla. 1978). See, s. 3, Art VII, State Const., which provides exemptions from ad valorem taxation.
[6] See, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) and White v. Crandon, 156 So. 303 (Fla. 1934). Cf., AGO 85-23 (statute directing that dealer in cigarettes is entitled to a refund for stamp tax which has been placed upon cigarettes which become damaged or unfit for consumption does not authorize a credit on the next appropriate cigarette tax return).
[7] 355 So.2d 781 (Fla. 1978).
[8] In Archer, property obtained by Escambia County from the federal government was subject to a restrictive covenant prohibiting the sale of disposition to private persons, but allowing the leasing of property to such persons. Chapter 25,810, Laws of Florida, Special Acts 1949), created the Santa Rosa Island Authority to administer the lands, while s. 192.62, F.S.(1961-1967), and s. 196.25, F.S. (1969), exempted the lands from ad valorem taxation. Sections 14, 15 and 16, Ch. 71-133, Laws of Florida, repealed the tax exemption, which was upheld in Straughn v. Camp, 293 So.2d 689 (Fla. 1974). Chapter 76-361, Laws of Florida, was passed to allow individual leaseholder's rental payments to be reduced by an amount equal to the amount of ad valorem taxes paid on the leasehold interest. This set-off in rent was found by the Archer Court to create an indirect exemption from taxation on property not authorized by the state constitution.
[9] See AGO's 74-243 (exemptions from taxation limited to property which is held or used for a purpose recognized by the Constitution and laws as being exempt) and 76-129 (legislative power to alter tax provisions is limited to that expressed in the Constitution).
[10] Lanier v. Tyson, 147 So.2d 365 (2 D.C.A., Fla. 1962).
[11] Lykes Brothers, Inc. v. City of Plant City, 354 So.2d 878
(Fla. 1978) (absent statutory authority, municipality lacks power to contract away its taxing authority over property uses for private purposes). See also, City of Naples v. Conboy,182 So.2d 412 (Fla. 1965) (absent statutory authority), municipality may not covenant against imposing ad valorem. taxes).