Mr. George Ralph Miller Attorney for the Property Appraiser of Walton County Post Office Box 687 DeFuniak Springs, Florida 32433
Dear Mr. Miller:
You have asked on behalf of the Property Appraiser's Office of Walton County substantially the following question:
Is the property appraiser authorized to allow a homestead tax exemption pursuant to s. 6, Art. VII, State Const., on a home placed in an inter vivos trust by one who is a cobeneficiary of the trust and who resides on the property?
In sum, I am of the opinion that:
Because the trust in question grants the beneficiary a present possessory interest for life, and the beneficiary makes the real estate comprising the corpus of the trust his permanent home, a sufficient equitable title to real estate is established to support the allowance of a homestead tax exemption.
According to your letter, the following are provisions of the trust: (1) The settlor and settlor's wife, for as long as at least one of them is living, shall have the continuous present right to full use, occupancy and possession of the homestead; and (2) The trustee shall have no power, authority or duty with respect to the homestead until such time as the settlor otherwise directs in writing, revokes this trust agreement, or settlor and settlor's wife are both deceased, whichever shall first occur.
I understand from your letter that the beneficiary of the intervivos trust makes his permanent residence on the property and has a present possessory interest for life, with legal title being in the trustee.
Under the Constitution of the State of Florida, a homestead exemption is granted to "[e]very person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner . . . ."[1] This constitutional provision states that "[t]he real estate may be held by legal or equitable title, by the entireties, jointly, [o]r in common . . . ."
Based on the information you have provided it appears that the beneficiary does not have legal title, and will, therefore, be entitled to the homestead exemption only if he has equitable title to the real estate.
Section 196.041(2), F.S., provides that:
A person who otherwise qualifies by the required residence for the homestead tax exemption provided in s. 196.031 shall be entitled to such exemption where his possessory right in such real property is based upon an instrument granting to him a beneficial interest for his life, such interest being hereby declared to be "equitable title to real estate," as that term is employed is s. 6, Art. VII of the State Constitution; and such person shall be entitled to the homestead tax exemption irrespective of whether such interest was created prior or subsequent to the effective date of this act.
Thus, the Legislature has declared that a possessory right in real property granted to a beneficiary for his life shall be equivalent to "equitable title to real estate."[2] The courts have recognized that the Legislature has the "prerogative to classify property for the purpose of taxation, so long as the classification is based upon some reasonable distinction rationally related to the purpose for which the statute was enacted, and so long as it does not conflict with any provision of the state or federal constitution."[3]
In addition, the courts of this state have recognized that the homestead exemption is to be construed liberally for the benefit of those whom it is designed to protect.[4]
Inasmuch as the beneficiary resides on the property and has a possessory right in such real property based upon the trust instrument which grants him such beneficial interest for his life, the beneficiary, pursuant to s. 196.041(2), F.S., is considered to have "equitable title to real estate," and, having complied with all the requirements of s. 6, Art. VII, State Const., is entitled to the homestead tax exemption.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tcs
[1] Section 6(a), Art. VII, State Const. See also, s. 6(d), Art. VII, State Const., and s. 196.031(3)(d) and (e), F.S., which increase the homestead exemption from $5,000 to $25,000.
[2] Compare, AGO's 76-204, 74-313, 72-12, 56-271 and 55-78, reaching the conclusion, prior to the adoption of Ch. 78-324, Laws of Florida, that the interest of the beneficiary for ad valorem tax purposes was intangible personal property unless the trust was a passive or dry trust. To the extent of any conflict, this opinion supersedes those opinions.
[3] Miller v. Higgs, 468 So.2d 371, 377 (1 D.C.A. Fla., 1985), rev. denied, 479 So.2d 117 (Fla. 1985).
[4] Drucker v. Rosenstein, 19 Fla. 191 (1882); Cain v. Cain,549 So.2d 1161 (4 D.C.A. Fla., 1989)