Dear Mr. Mathieu:
On behalf of the City of Port Richey, you ask substantially the following question:
May the City of Port Richey rebate monies to the purchasers of residential real estate within its city limits, with such rebate to be calculated based on the previous municipal ad valorem tax bill paid by the seller?
According to your letter, the city is interested in offering tax relief to the purchasers of residential property who may suffer a large tax increase at the time of purchase of the property as a result of the effects of the Save Our Homes amendment on homestead property.[1] You state that the protections under the Save Our Homes provisions, which is lost when property is transferred, has led to a "diminution of property values in the City of Port Richey and has stifled the normal course of sales of residential properties."
The city is considering offering tax relief to those purchasers of property who would qualify for the homestead protections of section193.155, Florida Statutes, which implements the Save Our Homes constitutional provision. You state that the city would place a cap on the tax ultimately paid by the purchaser to "25% of the sellers (grantors) tax, to be accomplished by rebating the increase over 25% paid by the purchaser with said taxes not to increase more than 3% each year thereafter in accordance with the requirements of F.S. 193.155."
The taxing authority of a municipality is derived from Article VII, section 9, Florida Constitution.[2] While section 166.021, Florida Statutes, secures for municipalities the broad exercise of home rule powers granted by Article VIII, section 2(b), Florida Constitution, municipalities possess no home rule powers to levy taxes.[3] A municipality must be able to point to constitutional or statutory authority to exercise its taxing power. Thus, as a general rule, "a municipality . . . has no inherent power to exempt from taxation property which it is authorized by statute or charter to tax, since, with some exceptions, delegation of power to tax does not include power to exempt from taxation or power to remit or compromise taxes. . . ."[4]
It is constitutionally prescribed that "[a]ll ad valorem taxation shall be at a uniform rate within each taxing unit. . . ."[5] This has been judicially determined to mean that the Legislature has the power to classify property so that all property devoted to private use is treated on the same basis and in a manner such that the tax burden is equitably distributed.[6] Thus, all property used for private purposes must bear its just share of the tax burden for support of local government, unless it falls within a specifically enumerated constitutional exception.[7]
In Archer v. Marshall,[8] the Florida Supreme Court held unconstitutional a special act providing for a reduction in rent paid to the Santa Rosa Island Authority in an amount equal to the ad valorem taxes paid on the leasehold interest for the previous year. The Court determined that the law created an indirect exemption from ad valorem taxation not authorized by the State Constitution. The rebate or refund of a portion of the ad valorem taxes paid on newly-purchased property is analogous to the offset found to be unauthorized in Archer. Such a rebate provides an indirect exemption from taxation that has no constitutional or statutory basis.
Thus, this office stated in Attorney General Opinion 90-23 that a municipality may not provide for the rebate of ad valorem taxes collected on newly annexed property, in the absence of constitutional or statutory authority allowing such action. Similarly in Attorney General Opinion 87-45 this office concluded that a municipality was not authorized to provide for a maximum tax of $25 per monthly billing for those items or services taxable pursuant to section 166.231, Florida Statutes, because such a cap constituted an unauthorized exemption for the amount of utility services over $25.[9]
As you are aware, the Save Our Homes constitutional provision and section 193.155, Florida Statutes, which implements the constitutional provision, limit increases in the valuation of residential property to qualified homeowners to no more than 3 percent. Nothing in the Constitution or the statutes implementing the Constitution, however, authorizes a rebate or refund on ad valorem taxes for purchasers of new residential property.
In light of the above, I am therefore of the opinion that the City of Port Richey may not rebate monies to the purchasers of residential real estate within its city limits, with such rebate to be calculated based on the previous municipal ad valorem tax bill paid by the seller.
Sincerely,
Bill McCollum Attorney General
BM/tjw
[1] See, Art. VII, s. 4(c), Fla. Const. 
[2] Article VII, s. 9(a), Fla. Const., provides:
Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution.
[3] See, e.g., Ops. Att'y Gen. Fla. 90-23 (1990) (city may not provide for the rebate of ad valorem taxes collected on newly annexed property, in the absence of constitutional or statutory authority allowing such action); 80-87 (1980) and 79-26 (1979) (municipality has no home rule powers with respect to the levy of excise or non-ad valorem taxes and exemptions therefrom, as all such taxing power must be authorized by general law).
[4] 16 McQuillin Municipal Corporations (3rd Ed. Rev. 1994) s. 44.65 p. 243. See also Ops. Att'y Gen. Fla. 00-01 (2000) (municipality has no authority to exempt business from occupational license tax when business not exempted by Ch. 205, Fla. Stat.); 99-72 (1999) (city or county has no home rule power to levy taxes or provide exemptions therefrom).
[5] Article VII, s. 2, Fla. Const. 
[6] See Williams v. Jones, 326 So. 2d 425, 432 (Fla. 1975), appealdismissed, 429 U.S. 803 (1975).
[7] See Am Fi Investment Corporation v. Kinney, 360 So. 2d 415 (Fla. 1978). See, Art VII, s. 3, Fla., which provides exemptions from ad valorem taxation.
[8] 355 So. 2d 781 (Fla. 1978).
[9] And see Ops. Att'y Gen. Fla. 89-11(1989), 94-76 (1994) and 03-45 (county may not impose a $25,000 limit on the reduction in property tax provided for living quarters of parents and grandparents that the people enacted through constitutional amendment; constitution and statute specify how reduction in assessed value of homestead property provided for living quarters for parents or grandparents is to be calculated and county may not impose an additional limit on that amount). And see Ops. Att'y Gen. Fla. 99-72 (1999) (board of county commissioners not authorized to enact additional requirements for eligibility of additional homestead tax exemption provided in s. 196.075, Fla. Stat.) and 93-35 (1993) (without a statutory grant of authority, a municipality may not contract away its power to impose taxes or impose taxes only under certain conditions).