SALTER, J.
An elected member of the Miami-Dade County Community Zoning and Appeals Board for Area 12 (CZAB), Ms. Brodeur, appeals an order dismissing her circuit court complaint with prejudice for lack of subject matter jurisdiction. The appellees are Miami-Dade County and the developer whose application was granted by the CZAB upon a second Board vote that is challenged in this appeal by Ms. Brodeur. Based on the threshold procedural posture of the lawsuit, a specific County ordinance, and the unique facts in this record,[1] we reverse and remand the case to the circuit court.

Facts and Procedural Background

In June 2010 the CZAB convened for a regular meeting. The agenda included as item 10-28 an application by developer J. Milton Dadeland, LLC, for site plan approval to increase an existing apartment building in the Kendall area from four stories to eight stories. Ms. Brodeur and five other voting members of the seven-member CZAB were present, as were approximately 200 public objectors opposing the application. After various witnesses spoke for and against approval of the application, a motion for approval of the items with conditions was made and seconded, and discussion among the CZAB members followed. The discussion included a colloquy with Miami-Dade County staff regarding the consequences of a tie *493 vote. Staff, including the Assistant County Attorney present, advised that a tie vote would cause the matter to carry over to the next meeting of the CZAB.
When the vote on the item was taken, three members voted for approval, and three voted against the item. Ms. Brod-eur voted against the application. The Assistant County Attorney announced that the next meeting of the CZAB would be July 21st, and that no additional notice would be sent. There was additional discussion with staff regarding the July CZAB meeting and the availability of the members to attend that meeting or a September meeting.
After additional colloquy indicating that Ms. Brodeur was ill and would not be able to remain for the balance of the meeting, she left the meeting and did not return. The chair of the meeting allowed additional discussion regarding a further amendment to the application, however, and then asked County staff whether a vote could be taken on the amended application. The Assistant County Attorney responded that such a vote would be permissible because a specific date had not been announced for a deferred meeting on the application. A member of the CZAB inquired: “The fact that a member has decided to leave for the stated reason, does that impede us from going forward on the vote? And the stated reason was that she wasn’t feeling well.”
The Assistant County Attorney answered that the CZAB could choose between deeming the earlier vote “to have been a deferral to the July 21st date” or going forward with another vote on the application as amended. After additional discussion, a motion for approval with the amendment carried by a vote of three to two. Weeks later, but before the Deputy Clerk of the Department of Planning and Zoning issued a written certification of the adoption of the CZAB-approved resolution, Ms. Brodeur filed a complaint in the circuit court against the County seeking declaratory and other relief. Ms. Brodeur alleged that the CZAB’s actions on the resolution after Ms. Brodeur left the meeting violated County Code section 33-308[2] and that the approval of the application was void.
The developer was permitted to intervene. Both appellees then filed motions to dismiss Ms. Brodeur’s complaint for lack of subject matter jurisdiction. After a hearing, the motions to dismiss were granted with prejudice. A motion for rehearing was denied, and this appeal followed.

Analysis

The County and developer rely on the general rule that a public official lacks standing to challenge the rules and procedures applicable to his or her official acts. As Ms. Brodeur maintains, however, an exception exists when the public official is willing to perform his or her duties, “but is prevented from doing so by others.” Graham v. Swift, 480 So.2d 124, 125 (Fla. 3d DCA 1985) (quoting Reid v. Kirk, 257 So.2d 3, 4 (Fla.1972)). While it is true that Ms. Brodeur lacks a property interest in the subject matter of the quasi-judicial application before the CZAB, it is also true that she is entitled to seek review of actions which nullify her duly-exercised vote. We focus, therefore, on whether the complaint alleged a sufficient interest on her part in vindicating “the effectiveness of her vote.” Coleman v. Miller, 307 U.S. 433, 438, 59 S.Ct. 972, 83 L.Ed. 1385 (1939).
We conclude that, at this procedural point in the ease, Ms. Brodeur has al *494 leged such an interest. First, as the County Code stood on the day of the CZAB meeting,[3] section 33-308 specified that the tie vote triggered the carryover to the next regularly scheduled meeting. The plain language of the ordinance seemed to countermand the Yogi Berra-like proposition, a general principle of parliamentary procedure, that a matter is not over until, it’s over.[4] Second, the carryover to the July meeting and the effect of section 33-308 were discussed by the staff and CZAB chair before Ms. Brodeur left the meeting. The allegations of the complaint and transcript of the hearing do not establish that Ms. Brodeur’s alleged reliance on the ordinance and the interpretation of the ordinance was unjustified or in bad faith.

Conclusion

The unique, seemingly self-executing language of the ordinance (before it was clarified), and the advice provided by the CZAB chair and Assistant County Attorney regarding the application of the ordinance, are sufficient at this procedural point to establish Ms. Brodeur’s standing to seek relief. Ms. Brodeur’s complaint does not address the substantive reasons for her vote, the merits of the developer’s application, or the authority of the CZAB to act upon that application to the point of her vote. Rather, her claim is simply that her vote was improperly nullified, as in Coleman, supra — a distinct “injury in fact”[5] resulting from the CZAB’s actions taken in her absence.
Reversed and remanded for further proceedings consistent with this opinion.

. Ordinarily the trial court’s determination, and our review, of a motion to dismiss are confined to the face of the complaint and those documents referred to within the complaint. In this case, however, the appellees relied in part upon, and filed for consideration at the hearing on the motion to dismiss, a transcript of the pertinent Board meeting. All of the parties argued below and here that portions of that transcript establish, or demonstrate the lack of, Ms. Brodeur’s standing to bring her lawsuit.

. The pertinent portion of section 33-308 states: “Whenever a tie vote occurs, the matter shall be carried over to the next regularly scheduled meeting.”

.In August 2011, the County Commission amended Code section 33-308 so that the pertinent excerpt provides: "Whenever a tie vote occurs and no other available motion on the application is made and approved before the next application is called for consideration or before a recess or adjournment is called, whichever occurs first, the matter shall be carried over to the next regularly scheduled meeting.” (New text underlined).

. See Bd. of County Comm'rs v. Webber, 658 So.2d 1069, 1072 (Fla. 2d DCA 1995).

. "Coleman suggests that under the modem test for standing a legislator’s loss of effectiveness in voting constitutes injury in fact.” Chiles v. Thornburgh, 865 F.2d 1197, 1205 (11th Cir.1989) (citing Korioth v. Briscoe, 523 F.2d 1271, 1277 (5th Cir.1975)).