# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-91
_____

THE SCHOOL DISTRICT OF
ESCAMBIA COUNTY, FLORIDA,

    Appellant,

    v.

SANTA ROSA DUNES OWNERS
ASSOCIATION, INC.,

    Appellee.

_____


On appeal from the Circuit Court for Escambia County.
J. Scott Duncan, Judge.

May 30, 2019


ROWE, J.

The Santa Rosa Dunes Owners Association, Inc., sued the Escambia County Property Appraiser and Escambia County Tax Collector, disputing a tax assessment of property underlying the Association's condominium development. The Association claimed that its property was exempt from ad valorem taxation under section 196.199(2)(b), Florida Statutes (2016). The School District of Escambia County intervened in the suit and asserted that the Association's property should be taxed because the statutory exemption was unconstitutional. The Association challenged the District's standing to intervene, arguing that the public official standing doctrine barred the District's constitutional challenge.

The trial court agreed that the District lacked standing and entered summary judgment for the Association on the District's affirmative defenses. This appeal follows.

The public official standing doctrine, first explained in *State ex rel. Atlantic Coast Line Railway Co. v. State Board of Equalizers*, 94 So. 681 (Fla. 1922), provides that "a public official may not defend his nonperformance of a statutory duty by challenging the constitutionality of the statute." *Crossings At Fleming Island Cmty. Dev. Dist. v. Echeverri*, 991 So. 2d 793, 794-803 (Fla. 2008). The doctrine, grounded in the separation of powers, recognizes that public officials are obligated to obey the legislature's duly enacted statute until the judiciary passes on its constitutionality. *Id.* at 683. For that reason, a public official's "[d]isagreement with a constitutional or statutory duty, or the means by which it is to be carried out, does not create a justiciable controversy or provide an occasion to give an advisory judicial opinion." *Dep't of Revenue v. Markham,* 396 So. 2d 1120, 1121 (Fla. 1981) (holding that the property appraiser lacked standing to challenge an administrative rule), *superseded by statute*, § 195.092(2), Fla. Stat. (1980), *as recognized in Crossings At Fleming Island*, 991 So. 2d at 802-03 (explaining that while the Legislature partially overruled the holding in *Markham* by enacting section 195.092, which allows a property appraiser and any taxing authority to challenge the validity of any "rule, regulation, order, directive or determination of any agency of the state," the Legislature "did not alter the common law principle announced in *Atlantic Coast Line* and *Markham* that property appraisers, as public officials, lack standing to challenge the constitutionality of a statute").

The parties do not dispute that the District is a public entity and its officers are public officials. But the District contends that the public official standing doctrine applies only when the challenged statute is one that the public officials are "charged with administering." Section 196.199(2)(b) exempts from ad valorem taxation certain leasehold interests in government-owned property used for non-governmental purposes. The plain language of the statute does not require the District to perform any duty. The District's lack of a duty under the statute, however, does not resolve whether the District has standing to challenge the statute.

2

The Florida Supreme Court and this Court have on several occasions considered challenges to the constitutionality of section 196.199(2)(b) brought by public officials. First, in *Crossings At Fleming Island*, a county property appraiser challenged the constitutionality of the statute. 991 So. 2d at 798. The supreme court held that the property appraiser lacked standing to challenge the statute because the property appraiser was a public official charged with performing a specific duty under the statute—the duty of determining whether property owners are entitled to an exemption from taxation under the statute. In reaching this conclusion, the supreme court reaffirmed the public official standing doctrine and its holding in *Atlantic Coast Line*. *Id*. at 797.

Next, in *Island Resorts Investments, Inc. v. Jones*, 189 So. 3d 917, 922-23 (Fla. 1st DCA 2016), this Court considered whether the public official standing doctrine barred a challenge to the statute brought by two public officials—the property appraiser, who is charged with performing a duty under the statute, and the tax collector, who is not charged with performing any duty under the statute. Though the plain language of the statute did not require the tax collector to perform any duty, this Court, citing the decisions in *Crossings at Fleming Island* and *Atlantic Coast Line,* concluded that the tax collector lacked standing to challenge the constitutionality of section 196.199(2)(b). *Island Resorts*, 189 So. 3d at 922.

The District is in the same position as the tax collector in *Island Resorts*. Neither are charged with performing any duty under section 196.199(2)(b). Still, the District argues it had standing to challenge the constitutionality of the statute. The District misunderstands the public official standing doctrine. The doctrine exists to prevent public officials from nullifying legislation through their refusal to abide by the law and requires them instead to defer to the judiciary's authority to consider the constitutionality of a legislative act. *Atl. Coast Line*, 94 So. at 682-83 ("The right to declare an act unconstitutional is purely a judicial power, and cannot be exercised by the officers of the executive department under the guise of the observance of their oath of office to support the Constitution."). The prohibition against public officials attacking the constitutionality of a statute is therefore not

3

limited to those public officials charged with a duty under the challenged law. Consistent with the purpose of the doctrine, the prohibition extends to public officials whose duties are "affected" by the challenged law. *See Crossings At Fleming Island*, 991 So. 2d at 800 (finding that no common law or statutory development since *Atlantic Coast Line* "has altered the basic principle, rooted in the doctrine of separation of powers, that property appraisers must abide by *all applicable Florida statutes* when assessing property and therefore do not have standing to challenge the constitutionality of *such statutes*") (emphasis added); *Dep't of Educ. v. Lewis*, 416 So. 2d 455, 458 (Fla. 1982) ("State officers and agencies must presume legislation *affecting their duties* to be valid, and do not have standing to initiate litigation for the purpose of determining otherwise.") (emphasis added); *Santa Rosa Cty. v. Admin. Comm'n, Div. of Admin. Hearings*, 642 So. 2d 618, 623 (Fla. 1st DCA 1994) [hereinafter *Santa Rosa Cty. I*], *approved in part, disapproved in part*, 661 So. 2d 1190 (Fla. 1995) [hereinafter *Santa Rosa Cty. II*] (same); *Miller v. Higgs*, 468 So. 2d 371, 374 (Fla. 1st DCA 1985) *disapproved on other grounds by Capital City Country Club, Inc. v. Tucker*, 613 So. 2d 448 (Fla. 1993) (same); *Markham*, 396 So. 2d at 1121 ("Disagreement with a constitutional or statutory duty, *or the means by which it is to be carried out*, does not create a justiciable controversy or provide an occasion to give an advisory judicial opinion.") (emphasis added).

Even though section 196.199(2)(b) does not specifically require the District to perform any duty, the statute's operation affects the District's duty to levy ad valorem taxes under other statutory provisions. *See* Art. VII, § 9, Fla. Const.; § 1011.71(1), Fla. Stat. (2016) (providing that school districts seeking to participate in the state allocation of funds for current operation "shall levy on the taxable value for school purposes of the district" a local effort millage rate); § 1011.04, Fla. Stat. (2016) (providing that school districts are to "determine by resolution the amounts necessary to be raised for current operating purposes and for each district bond interest and sinking fund and the millage necessary to be levied for each such fund, including the voted millage"); § 1001.42, Fla. Stat. (2016) (providing that the powers and duties of the district school board include adopting a "resolution fixing the district school tax levy . . . necessary to carry on the school program adopted for the district for the next ensuing fiscal year as required

4

by law"). The District argues that applying section 196.199(2)(b) to grant the Association's property an exemption will affect the District's ability to levy ad valorem taxes. Because the public official standing doctrine broadly prohibits ministerial officers from challenging legislative enactments, and because the statute at issue affects the official duties of the District, the trial court correctly found that the District lacked standing to challenge the constitutionality of section 196.199(2)(b).

The District argues that it may nonetheless attack the constitutionality of the statute because the personal injury exception to the public official standing doctrine applies. This exception confers standing on a public official to bring a constitutional challenge when the official can show injury to his person, property, or other material right by the statute in question. *Crossings At Fleming Island*, 991 So. 2d at 799 (quoting *Barr v. Watts*, 70 So. 2d 347, 350 (Fla. 1953) (en banc)). The District alleges it would have to refund about seven million dollars in ad valorem tax revenue it has already collected and escrowed, and it would lose its material and constitutional right to levy ad valorem taxes, subjecting it to a loss of future tax revenue.

The District's alleged injuries are not the type of injuries contemplated by the personal injury exception. *See Green v. City of Pensacola*, 108 So. 2d 897, 900 (Fla. 1st DCA 1959). Rather, the type of personal injury necessary to allow a public official to challenge the constitutionality of a statute is limited to injuries that do "not grow out of the obligation of his oath of office, nor out of his official position." *Atl. Coast Line*, 94 So. 2d at 601 (citing *Bd. of Public Instruction for Santa Rosa Cty. v. Croom*, 94 So. 681 (Fla. 1909)); *see also Green*, 126 So. 2d at 900 ("It may be seriously questioned whether the Comptroller's failure to collect a tax lawfully due the State of Florida would render him liable on his official bond as well as subject him to impeachment for nonfeasance in office."). Here, the alleged injuries to the District arise exclusively from the District's official responsibilities to levy ad valorem taxes. *See* Art. VII, § 9, Fla. Const.; § 1011.71(1), Fla. Stat. (2016). The alleged injuries are thus not personal to the District. The public official standing doctrine therefore bars the District from challenging the constitutionality of section

196.199(2)(b).  For these reasons, the trial court's order granting summary judgment for the Association is AFFIRMED.

WINSOR, J., concurs; BILBREY, J., concurs in result.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

BILBREY, J., concurring in result.

I am concerned that in past decisions this court may have approved the expansion of the public official standing doctrine beyond its historical roots.  Both *State ex rel. Atlantic Coast Line Railway Co. v. State Board of Equalizers*, 94 So. 681 (Fla. 1922), and *Department of Revenue v. Markham*, 396 So. 2d 1120 (Fla. 1981), approved the public official standing doctrine to preclude suit where a public official was challenging a matter concerning the performance of that public official's duties.  Then in *Santa Rosa County v. Administration Commission, Division of Administrative Hearing*, 642 So. 2d 621, 623 (Fla. 1st DCA 1994), *approved in part, disapproved in part*, 661 So. 2d 1190 (Fla. 1995), we expanded *Markham* to apply the public official standing doctrine where there was "[l]egislation which affects the duties of state officers and agencies."

Any general law is by definition going to affect, in varying degrees, the people of the State of Florida, including public officials.  *See Schrader v. Florida Keys Aqueduct Auth.*, 840 So. 2d 1050, 1055 (Fla. 2003) (noting that a general law is one which "materially affects the people of this state").  So it seems in *Santa Rosa County* we arguably precluded any challenge by a public official to most any general law.

In *Island Resorts Investment, Inc. v. Jones*, 189 So. 3d 917, 922 (Fla. 1st DCA 2016), we were bound to follow the holding from *Santa Rosa County* expanding the public official standing doctrine

6

to "legislation which affects" the public official's duties. *See Sims v. State*, 260 So. 3d 509, 514 (Fla. 1st DCA 2018) ("Each panel decision is binding on future panels, absent an intervening decision of a higher court or this court sitting en banc."). Our holding in *Island Resorts* again applied the doctrine to legislation beyond that which the public official was charged with administering.

We are of course now bound by *Santa Rosa County* and *Island Resorts*. But even if we could apply only the more limited scope of the public official standing doctrine from *Markham*, here it would not avail the School District of Escambia County. In *Miller v. Higgs*, 468 So. 2d 371 (Fla. 1st DCA 1985), *disapproved in part*, *Capital City Country Club, Inc. v. Tucker*, 613 So. 2d 448 (Fla. 1993), we upheld the constitutionality of section 196.199(2)(b), Florida Statutes. So even if the District had standing to sue, we would be correct to affirm under *Miller*. I therefore agree affirmance is the correct result.

_____

David C. Willis, Daniel J. Gerber, and Christian H. Tiblier of Rumberger, Kirk & Caldwell, P.A., Orlando; William A. VanNortwick, Jr. of Akerman LLP, Jacksonville; and Diane G. DeWolf of Akerman LLP, Tallahassee, for Appellant.

Edward P. Fleming and R. Todd Harris of McDonald Fleming Moorhead, Pensacola, for Appellee.