## HARRY CAGE v. C. P. DANKS.

Where the United States has parted with its title by a patent legally issued, and upon surveys legally made by itself and approved by the proper department, the title so granted cannot be impaired by any subsequent survey which the Government may make for its own purposes.

APPEAL from the District Court of the Parish of Terrebonne, *Roman*, J. *Goode & Aycock*, for plaintiff. *Connelly & Rightor*, for defendant and appellant.

MERRICK, C. J. This is an action of bornage. The defendant only has exhibited her titles. The decree of the court awards to the plaintiff a portion of the land lately in her possession and which she has just recovered by a decree of this court in the possessory action.

The District Judge correctly assumed that the original survey referred to in the patent to defendant's vendors could not be set aside, and disregarded by any recent survey which the Government might make for its own purposes. The United States having parted with its title by a patent legally issued, and upon surveys legally made by itself and approved by the proper department can never impair the title so granted by any subsequent survey. She is no longer owner.

But in the application of this principle to the present case the conclusions of the District Judge are not entirely satisfactory. The plaintiff has not exhibited his title, and the trial of the case appears to have been conducted principally upon a criticism of the lines examined in order to find the calls of *defendant's title*. If plaintiff should produce his, and the calls of that were examined, it is probable much light might be thrown on the true boundary.

That which is now doubtful might be made clear. One thing is certion by the decree in this case the quantity of land in section 55, owned by defendant, is diminished, and the plaintiff's tract, if we refer to the township map, is increased in quantity. Whether defendant's title covers all of section 55 is immaterial. Plaintiff cannot recover any portion of section 55 under his title to section 56.

Again the proof that the ash tree at B was the corner of the old survey is no more satisfactory than that the post at K was the upper corner of section 55 on the bayou.

We think that justice requires that this case should be remanded for a new trial in order that the plaintiff may produce his title papers, in conformity with Article 83 of the Civil Code, and that a survey may be made according to the provisions of law. C. C. 830, 831, 837. 4 Ann. 383.

It is, therefore, ordered, adjudged and decreed by the court that the judgment of the lower court be avoided and reversed, and that this case be remanded to the lower court for further proceedings and a new trial, according to law, the plaintiff and appellee paying the costs of the appeal.

SPOFFORD, J., took no part in the decision of this cause.