DANAHY, Acting Chief Judge.
The appellants are residents of the State of Missouri who own a home in Collier County which they use as a part-time dwelling. The home contains household goods and personal effects. It is not rental property and the household goods and personal effects are not used commercially. The ap-pellees assessed a tax on the appellants’ household goods and personal effects in their Florida home. The appellants brought this suit contesting the validity of the tax and the trial judge entered a final summary judgment for the appellees. We reverse.
The appellants argue, first, that if the household goods of nonresidents are subject to ad valorem taxation in Florida, but the household goods of Florida residents are not, the tax as to nonresidents violates the privileges and immunities clause of the United States Constitution.[1] Alternatively, they argue that no household goods, whether owned by residents or nonresidents, are subject to ad valorem taxation in Florida under applicable Florida law. We agree with the appellants’ second proposition; therefore, we do not reach the constitutional question.
In Department of Revenue v. Markham, 381 So.2d 1101 (Fla. 1st DCA 1979), our sister court had occasion to examine the various Florida statutes dealing with the taxation of household goods, which are, to say the least, confusing. See §§ 192.001(11), 192.011, 192.032, 193.114, 195.073, 196.001, and 196.181, Fla.Stat. (1981). In an exhaustive opinion, the court came to the conclusion that no household goods and personal effects are subject to ad valorem taxation in Florida, whether owned by residents or nonresidents. We agree. The decision in the Markham case was quashed by our supreme court in Department of Revenue v. Markham, 396 So.2d 1120 (Fla.1981), on the sole ground that the plaintiff in that suit did not have standing to raise the issue addressed by the First District Court of Appeal. Therefore, the supreme court’s quashal of the First District Court of Appeal’s opinion does not foreclose this court from considering and agreeing with the merits of that opinion on the tax question presented.
We do, however, consider this to be a question of great public importance. Accordingly, we certify the following question to the supreme court:
ARE HOUSEHOLD GOODS AND PERSONAL EFFECTS SUBJECT TO AD VALOREM TAXATION UNDER THE STATUTES AND CONSTITUTION OF THE STATE OF FLORIDA?
REVERSED with directions to enter judgment for the appellants.
CAMPBELL and SCHOONOVER, JJ., concur.

. U.S. Const., Art. IV, § 2.