467 So.2d 980 (1985)
Sam J. COLDING, etc., et al., Petitioners,
v.
Peter W. HERZOG, et al., Respondents.
No. 64366.
Supreme Court of Florida.
February 7, 1985.
Rehearing Denied May 13, 1985.
*981 Jim Smith, Atty. Gen. and J. Terrell Williams, Asst. Atty. Gen., Tallahassee, and James H. Siesky, Naples, for petitioners.
Peter W. Herzog, and Leo J. Salvatori of Quarles & Brady, Naples, for respondents.
OVERTON, Justice.
This is a petition to review a decision of the Second District Court of Appeal reported as Herzog v. Colding, 437 So.2d 226 (Fla. 2d DCA 1983), holding that household goods and personal effects in Florida are not subject to ad valorem taxation, and approving, in its entirety, the First District Court of Appeal's opinion in Department of Revenue v. Markham, 381 So.2d 1101 (Fla. 1st DCA 1979). The district court certified the following question to be of great public importance:
WHETHER HOUSEHOLD GOODS AND PERSONAL EFFECTS ARE SUBJECT TO AD VALOREM TAXATION UNDER THE STATUTES AND CONSTITUTION OF THE STATE OF FLORIDA.
437 So.2d at 227. We have jurisdiction, article V, section 3(b)(4), Florida Constitution. We answer the question in the negative and approve both the decision of the district court in the instant case and the reasoning expressed on the identical issue by the district court in Markham.
The respondents in this case are Missouri residents who own a house in Collier County, Florida, which they use as a part-time dwelling. Neither the house nor the household goods and personal property contained in the house are used for commercial purposes. The respondents contested an ad valorem tax on the household goods and personal effects contained in their Florida house assessed by the Collier County tax appraiser pursuant to rule 12D-7.02 of the Florida Administrative Code. That rule, which was enacted by the Department of Revenue, provides, in part, that household goods and personal effects belonging to persons not making their permanent home in Florida are not exempt from ad valorem taxation. No such tax is assessed against Florida residents. The trial court approved the tax, entering summary judgment for the petitioners. The district court reversed. Adopting the historical review and analysis of the identical statutory provisions contained in the First District Court of Appeal's decision in Markham, the district court held that household goods and personal effects in Florida are not subject to ad valorem taxation irrespective of whether the goods are owned by residents or non-residents.
The property appraiser and the Department of Revenue challenge the district court's decision, arguing that the Florida Constitution prohibits the legislature from excluding or exempting household goods and personal effects from ad valorem taxation, and that this Court should both quash the district court's decision in the instant *982 case and disapprove the reasoning expressed by the First District Court of Appeal in Markham. Initially, the petitioners assert that this Court should refuse to consider the analysis and reasoning in the Markham decision because we quashed that decision on the ground that "the lawsuit was improperly commenced by one who lacked legal standing and should never have been entertained." Department of Revenue v. Markham, 396 So.2d 1120, 1121 (Fla. 1981). We disagree. Because of its disposition on a standing issue, this Court neither rejected nor disapproved the legal analysis in the district court's Markham decision. The district court's opinion is not precedent, but its analysis may nevertheless be considered by this Court in resolving the instant case.
In Markham, the district court exhaustively analyzed the history of the taxation of household goods in this state. The court concluded that when section 200.01, Florida Statutes (1965), was amended by the legislature in 1967[1] to exclude household goods and personal effects used for the comfort of the owner and for non-commercial purposes from the definition of "tangible personal property," such goods and effects were "effectively eliminated from the operation of the taxing statutes, regardless of residency of the owner." 381 So.2d at 1105 (footnote omitted). The statutory definition was reorganized in a 1970 "revisor's bill" which separated "personal property" into "household goods," "intangible personal property," "inventory," and "tangible personal property."[2] The Markham district court found that the legislature did not intend to create "a separate taxable category of `household goods' ... when such goods are used for the comfort of the owner and his family, and not held for commercial purposes or resale." Id. at 1108. The court further concluded that "the elimination of the useless expenditure of manpower and resources not justified by adequate return to the public treasury" provided a legitimate public purpose for excluding such property from taxation. Id. at 1111.
The petitioners argue that the Florida Legislature does not have the power to exempt household goods and personal property from ad valorem taxation because article VII, section 4, of the Florida Constitution requires the legislature to provide the means to tax "all property."[3] They assert that we should sustain rule 12D-7.02 because the "plain language" of article VII, section 3(b), limits the household goods and personal effects exemption to Florida residents.[4] According to the petitioners, no other constitutional provision either expressly or implicitly establishes a basis for the legislature to exempt household goods and personal effects from ad valorem taxation.
We agree with the petitioners that all property is subject to ad valorem taxation unless it is constitutionally exempted. *983 This principle does not, however, prohibit the legislature from classifying property or from excluding certain property from taxation when the expense of assessment and collection would exceed the revenue generated from the tax. Were the legislature not permitted such authority, Florida taxpayers would be forced to subsidize tax collection costs. Such a result would be illogical and was never intended by the authors of the constitution. Further, if we were to accept petitioners' interpretation of article VII, section 3(b), we would be required to find that the household goods and personal effects belonging to all Florida residents without "head of a family" status are also subject to taxation. We reject that position and agree with the district court's conclusion in Markham that, through its power to classify property for taxation purposes, the legislature has properly excluded household goods and personal effects without reference to the residency of the property owners.
Because they concluded the legislature did not intend to tax household goods belonging to either residents or non-residents, neither the district court in the decision under review nor the Markham court addressed whether an ad valorem household goods tax imposed exclusively on non-residents would violate the privileges and immunities clause contained in article IV, section 2, of the United States Constitution. We also believe it is unnecessary to consider that question.
Our decision in this case is prospective only for the taxable year commencing January 1, 1985, except for those nonresident taxpayers who have timely judicially challenged the ad valorem tax on household goods and personal effects. Because the tax has been assessed in good faith reliance pursuant to a presumptively valid rule, we find that the taxpayers against whom the tax was assessed, other than those who challenged the tax, are not entitled to a refund. See Osterndorf v. Turner, 426 So.2d 539 (Fla. 1982); Gulesian v. Dade County School Board, 281 So.2d 325 (Fla. 1973).
For the reasons expressed, we approve the decision of the district court of appeal.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[1] As amended by chapter 67-377, Laws of Florida, section 200.01, Florida Statutes (1967) reads:

Definition of Tangible Personal Property.  (1) "Tangible personal property" shall include all goods, chattels, vehicles (except motor vehicles and household furnishings, wearing apparel, effects of the person actually employed in the use of serving the creature comforts of the owner and not held for commercial purposes), animals and other articles of value capable of manual possession and whose chief value shall consist of the thing itself and not what it represents. The words "personal property," as used in this chapter, shall be synonymous with tangible personal property.
Prior to the 1967 amendment, section 200.01 excluded only "motor vehicles" from the definition of "tangible personal property."
[2] See chapter 70-243, Laws of Florida, creating section 192.001, Florida Statutes. Section 192.001(11)(d), which defines "tangible personal property," excludes "household goods" from the definition.
[3] Article VII, section 4, provides: "By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation."
[4] Article VII, section 3(b) provides, in part: "There shall be exempt from taxation, cumulatively, to every head of a family residing in this state, household goods and personal effects to the value fixed by general law, not less than one thousand dollars... ."