ON MOTION FOR REHEARING
PER CURIAM.
This court previously reversed the trial court upon authority of Colding v. Herzog, 467 So.2d 980, 983 (Fla.1985), wherein the supreme court held that “through its power to classify property for taxation purposes, the legislature has properly excluded household goods and personal effects without reference to the residency of the property owners.”
By motion for rehearing appellants suggest that this cause should be remanded to the trial court for further consideration of the class action allegations pled by appellants because those allegations have never been considered on the merits. We believe that suggestion has merit and thus we *31 amend the opinion of March 13, 1985, to provide that the judgment of the trial court is reversed and the cause is remanded with directions to consider the class action allegations filed by appellants in the trial court in the light of Colding v. Herzog. See Neptune Hollywood Beach Club, Inc. v. Markham, 473 So.2d 691 (Fla. 4th DCA 1985). In requesting the trial court to reconsider those matters, we do not preclude dismissal of said claims for failure to state a cause of action, nor do we express any opinion upon the validity thereof.
HERSEY, C.J., and DOWNEY and DELL, JJ., concur.