### Blake Eliot ROBBERTS, Plaintiff–Appellant,

v.

**NORTHVILLE TOWNSHIP, Assessors Office; Holly Adams; U.S. Department of Interior; Bureau of Land Management; U.S. Department of Justice; Tom Fry; Janet Reno, Defendants–Appellees.**

### No. 01–1548.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

Blake Eliot Robberts, a Michigan resident proceeding pro se, appeals the district court order dismissing his action to quiet title. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Robberts filed an action to quiet title on real property in his name. He named as defendants the Northville Township Assessor's Office and Tax Assessor Holly Adams (the Northville Defendants); and the United States Department of the Interior, the Bureau of Land Management and its Director Tom Fry, the Department of Justice, and Janet Reno (the Federal Defendants). He alleged that: (1) his property

is exempt from taxation by Northville because of a land patent issued by the United States to Robberts's predecessor in title; and (2) the Federal Defendants had a duty to defend his claim because of ·the original land patent. The Northville Defendants and the Federal Defendants filed motions to dismiss for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). The district court granted the motions and denied Robberts's motion for reconsideration.

In his timely appeal, Robberts argues that: (1) the district court violated his Seventh Amendment right to a jury trial by dismissing the case under Fed.R.Civ.P. 12(b)(6); and (2) his property is exempt from tax under federal and state law.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998).

 Upon review, we conclude that the district court properly dismissed Robberts's complaint for failure to state a claim. It is well established that once federal land is sold to a private person the land is subject to ad valorem property taxation as part of the general mass of property in the state. *Oklahoma Tax Comm'n v. Texas Co.*, 336 U.S. 342, 353, 69 S.Ct. 561, 93 L.Ed. 721 (1949); *see also Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 676–77, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974); *Irwin v.. Wright*, 258 U.S. 219, 228–29, 42 S.Ct. 293, 66 L.Ed. 573 (1922); *Lummi Indian Tribe v. Whatcom County, Washington*, 5 F.3d 1355, 1357 (9th Cir.1993). Thus, neither the original land patent nor Robberts's self-prepared "Declaration of Land Patent" rendered his property exempt from state or local taxes.

Robberts's argument that the district court violated his right to a jury trial by granting the defendants' motions to dismiss is without merit. Robberts was not entitled to a jury trial because he had no claim.

Accepting Robberts's factual allegations as true, he can prove no set of facts in support of his claims that would entitle him to relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Due to the frivolity of this appeal, the defendants are invited to submit bills of costs and attorney fees for the panel's consideration. Robberts may then file a response. *See* Fed. R.App. P. 38; 28 U.S.C. § 1912. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.