**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY P. McNEIL,

      Plaintiff-Appellant,

v.

MELISSA ANDERSON, Rogers County
Tax Assessor,

      Defendant-Appellee.

No. 06-5117

(D.C. No. 06-CV-073-CVE-SAJ)
(N. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

Plaintiff Jerry P. McNeil, an Oklahoma resident appearing pro se, appeals from the

district court's dismissal of his complaint asserting a slander of title claim against the Tax

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R.
32.1 (eff. Jan. 1, 2007).

Assessor for Rogers County, Oklahoma. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

McNeil and his wife are the owners of a parcel of land located in Rogers County, Oklahoma, having purchased the parcel in October 1985 from Wylie Construction, Incorporated. In the fall of 2005, defendant Melissa Anderson, the Tax Assessor for Rogers County, notified McNeil and his wife that they owed $1,252.00 in ad valorem property taxes on the parcel. McNeil sent Anderson a letter asking that the parcel be removed from the tax rolls because, in pertinent part, the parcel had originally been part of a larger piece of property owned by the Cherokee Nation of Indians and, in 1906, conveyed by homestead deed to Jessie Beatrice Beck, a tribal member. McNeil asserted that it was "firmly established that Indian lands [we]re not within the taxing authority of the state," and thus, in his view, any tax assessments made by Anderson against his property were "not lawfully due." Anderson, after consulting with an assistant district attorney for Rogers County, as well as the Oklahoma Tax Commission, sent McNeil a letter back stating: "It is our decision that your property is taxable and [she] w[ould] not be removing it from the tax roll."

McNeil paid the tax assessment and then, on February 6, 2006, filed this action against Anderson in federal district court. McNeil's complaint, similar to his letter to Anderson, traced the ownership of his property back to the Cherokee Nation, asserted that the land "was never incorporated *within* the territory of the Republican state of

Oklahoma," and alleged that the land was "now and forever, *entirely* without the reach of [the] taxing authority" of Oklahoma or Rogers County. ROA, Vol. I, Doc. 1 at 8 (italics and underlining in original). The complaint ultimately asserted a slander of title claim against Anderson, alleging that she had uttered and published slanderous words (in the form of the tax statement she sent to McNeil), that those words were false and maliciously made, and that McNeil had sustained special damages as a result of Anderson's actions (i.e., "paying the fraudulent claim under duress").

Anderson moved to dismiss McNeil's complaint for lack of subject matter jurisdiction, for failure to state a claim upon which relief could be granted, and on the basis of immunity from liability under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-200. On May 22, 2006, the district court issued an opinion and order granting Anderson's motion to dismiss. In doing so, the district court concluded that it lacked federal subject matter jurisdiction over McNeil's slander of title claim. Although McNeil's complaint expressly stated that the district court had admiralty and maritime jurisdiction over the case, the district court rejected that assertion, noting that "[t]he assessment of ad valorem property taxes by the Oklahoma Tax Commission and Rogers County do not in any way relate to the protection of maritime commerce or the regulation of navigable waters . . . ." ROA, Vol. I, Doc. 19 at 2. The district court also concluded that "[a]ny exemption [McNeil] may seek from property taxes assessed by the Oklahoma Tax Commission or Rogers County would arise under the laws of Oklahoma, not federal law," and thus it lacked "jurisdiction under 28 U.S.C. § 1331." Id. Although

McNeil moved for reconsideration, the district court denied that motion. McNeil has since filed a notice of appeal.

II.

We review de novo the district court's dismissal of McNeil's complaint for lack of subject matter jurisdiction. High Country Citizens Alliance v. Clarke, 454 F.3d 1177, 1180 (10th Cir. 2006). After reviewing McNeil's complaint, we agree with the district court that none of the allegations therein demonstrate a connection between the alleged wrongful conduct of Anderson and maritime commerce, activity, and/or navigation. See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock, 513 U.S. 527, 538-40 (1995). Thus, it is clear that the district court lacked admiralty or maritime jurisdiction over McNeil's complaint. We likewise agree with the district court that McNeil's cause of action is not one that "aris[es] under the Constitution, laws, or treaties of the United States," as would be required for the district court to assert subject matter jurisdiction over the cause of action pursuant to 28 U.S.C. § 1331. Although the materials submitted by McNeil in connection with his complaint indicate that his parcel was originally owned by the United States and then conveyed by patent to the Cherokee Nation, those facts are insufficient, standing alone, to establish that his claim against Anderson involves issues of federal law. See Oneida Indian Nation v. Oneida County, 414 U.S. 661, 676-77 (1974) ("Once patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for 'arising under' jurisdiction merely to allege that ownership or possession

-4-

is claimed under a United States patent.").  Finally, even assuming, for purposes of argument, that the district court did have jurisdiction over McNeil's complaint pursuant to § 1331, we conclude that McNeil failed to state a claim upon which relief could be granted.  As Anderson noted in her motion to dismiss, the materials submitted by McNeil in connection with his complaint clearly establish that the property at issue has been sold numerous times to private persons (including at least one private entity), and thus is clearly "subject to ad valorem property taxation as part of the general mass of property in the state."  Robberts v. Northville Township, 22 Fed. Appx. 527, 528 (6th Cir. 2001) (citing Oklahoma Tax Comm'n v. Texas Co., 336 U.S. 342, 353 (1949)).  In other words, the fact that the property at issue was at one time conveyed to and owned by the Cherokee Nation and one of its members does not, at this point in time, render the property exempt from state or local taxes.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge