Dear Mr. Levy:
On behalf of Mr. C. Raymond McIntyre, Highlands County Property Appraiser, you have requested my opinion on substantially the following questions:
1. Whether privately-owned property should be removed from the tax rolls and no longer subjected to ad valorem taxation because the owner has recorded a Declaration of Land Patent?
2. Whether privately-owned property should be removed from the tax rolls and no longer subjected to ad valorem taxation because the owner has transferred such property into a Common Law Pure Trust?
In sum:
1. Florida law does not provide an exemption from ad valorem taxation for privately-owned property which is the subject of a recorded Declaration of Land Patent.
2. No provision of Florida law provides an exemption from ad valorem taxation for privately-owned property transferred by the owner of such property into a Common Law Pure Trust.
According to your letter, the Highlands County Property Appraiser has received several assertions from different property owners claiming that his office lacks the legal authority to assess certain parcels of real property located in Highlands County. A number of property owners have recorded "Declaration of Land Patent" notices in the public records. Another property owner has placed its property into a "Common Law Pure Trust." In each of these circumstances, the property owners assert that their action requires the property appraiser to remove the parcels from the assessment roll because they are no longer subject to ad valorem taxation. You have requested assistance from this office regarding the property appraiser's duties and responsibility in this regard. While this office has no authority to resolve mixed questions of law and fact and cannot, therefore, comment specifically on the facts of these cases, I offer the following general legal analysis to assist you.
All property in Florida is subject to taxation unless expressly exempted.[1] The specification of permissible exemptions to ad valorem taxation in the Florida Constitution excludes any other exemptions.[2] Implementing these constitutional directives is section 196.001, Florida Statutes, entitled "Property subject to taxation," which provides:
"Unless expressly exempted from taxation, the following property shall be subject to taxation in the manner provided by law:
(1) All real and personal property in this state and all personal property belonging to persons residing in this state; and
(2) All leasehold interests in property of the United States, of the state, or any political subdivision, municipality, agency, authority, or other public body corporate of the state."
In claiming an exemption from taxation, the burden is on the claimant to show clearly any entitlement to tax exemption.[3]
The rule is that all property is subject to taxation unless expressly exempted and such exemptions are strictly construed against the party claiming them.[4]
Neither the Declaration of Land Patent nor the Common Law Pure Trust documents included with your letter contain any citation to a Florida statutory or constitutional exemption upon which these claimants base an exemption of their property from ad valorem taxation.
Question One
The term "land patent" is defined as "[a]n instrument by which the government conveys a grant of public land to a private person."[5]
A patent is a government conveyance transferring title to portions of the public domain. A "patent" is the conveyance by which the federal government passes its title to portions of the public domain.[6] It is generally the case that a federal land patent conveys fee simple ownership to the patentee[7] and serves in the same capacity as a deed.[8]
You advise that the parcel referenced in the declaration attached to the purported "land patent" is located in a residential subdivision in Highlands County known as Placid Lakes. The property was purchased from a private construction company in 2004 by the current owners and the lot is improved with a residential home built in 2004. The residential subdivision in which the property is located was first platted in Highlands County in 1958 and the final plat was recorded in 1970. Information you have supplied indicates that this property has been held in private hands for nearly 100 years. The transfer of this land into private hands occurred nearly a century ago and at that time these lands ceased to be public and became private lands subject to taxation by the state, adverse possession, or assignment of interest.[9]
Self-prepared land patent documents do not affect title to property[10] and would not render the property described therein exempt from state ad valorem taxes. I find no authority for an individual to "patent" land to himself or herself. Further, a patent is not an exemption. The mere statement by a private owner that real property is subject to a "Declaration of Land Patent" and the recording of such a statement is not enough to invest that property with any of the indicia of federal land patent.[11]
A 1969 Florida title dispute case addressed the nature of federal land patents and advised that the issuance of a land patent by the United States is in the nature of a quitclaim deed. In Whaley v.Wotring, [12] a patentee's heirs were precluded from asserting any claim they might have had under an 1897 land patent, since it appeared that the property had been the subject of private transactions based on a 1908 deed in the plaintiffs' chain of title. As the court stated:
" Public lands cease to be public and become private lands after they have been entered at a land office and a certificate of entry or patent certificate is issued. At that point such lands are subject to taxation by the state, subject to adverse possession, or assignment of interest. . . . The patent is in the nature of a quitclaim, passing whatever interest the United States possessed in the premises."[13]
Thus, a federal land patent issued to a private party by the federal government acts as a quitclaim by the government of its interest in that property and passes that property into private hands where it is subject to taxation and alienation.
Recent out-of-state cases have considered the tax consequences of a "Declaration of Land Patent" in light of concerns that this is a method of tax avoidance and a possible foreclosure fraud scheme. InTaylor v. Davis, [14] the State Tax Commission of Missouri was presented with an appeal to determine whether the subject property was exempt from taxation under the Missouri statutes and constitution. The property owner presented a number of documents upon which he based his claim of exemption from taxation based upon his property being in "Patent at Law Status," including a quitclaim deed and a declaration of land patent. The declaration of land patent documents filed in the Missouri case contained citations to six early legal cases which are also cited in the Florida documents which have been presented to Mr. McIntyre. The Missouri tax commission stated:
"[A] review of those cases failed to provide any basis upon which the exemption claim can be established. It is unnecessary to provide a recitation of the facts of each case. None of the cases involve a claim by a citizen to exemption from state ad valorem taxation as is the present case. Therefore, the holdings of the various courts in these cases are not applicable to and provide no support for the claim advanced by Complainant."[15]
The court noted that no state or federal case could be found "which stands for the proposition advanced by Mr. Taylor that his actions in recording a Quitclaim Deed and a Declaration of Land Patent created an exemption from ad valorem taxation under the laws of the United States or of Missouri." The court noted that "all land now held by private individuals or entities, at some point in the legal history of the land, received a Patent or a Military Warrant from the United States government whereby the federal government divested itself of title and granted title to some private person or entity." Further, after noting that a patent for land is nothing more than a quit claim deed of the federal government conveying such interest as the United States possessed in the land, the court stated that "[t]he recording of Mr. Taylor's Declaration of Land Patent and Quitclaim Deed was an act of no consequence." In the absence of any state constitutional or statutory authority to grant an exemption as claimed by the taxpayer, the court found that the claim had "no foundation in law" and it was denied.
An Illinois appellate court in Britt v. Federal Land BankAssociation of St. Louis, [16] considered "land patents" signed and recorded by the property owners which were alleged to convey or vest title superior to that acquired by a bank in foreclosure proceedings against the property. The court dismissed the Britt's claims as a "compilation of disjointed and nonsensical claims and legal conclusions totally unsupported by citations to the record or relevant legal authority." However, the court considered the legal significance of "land patents" on land titles as a potentially recurring issue. Neither party presented any state authority on whether the filing of what was alleged to be a "land patent" by the former mortgagors of property had any legal effect. However, the legal sufficiency of "land patents" has been addressed by courts of other states and federal courts and the Britt court found these instructive.[17] The court noted the absence of state case law "on what appears to be a procedure without legal foundation in Illinois" and turned to the analysis of a land patent in a federal tax case:
"The `patent' involved here is not a grant by the United States; it is a grant by the plaintiffs. The `patent' here is not a grant to some other holder so as to pass title on to another party; it is a self-serving document whereby the plaintiffs grant the patent to themselves. This `patent' does not involve or concern `public land;' it relates to plaintiffs' private property. The court cannot conceive how these federal provisions are implicated here, and thus federal question jurisdiction is absent. Of course, the purported `land patent' in this case fails for reasons independent of jurisdiction. As was noted before, the `land patent' attached to plaintiffs' various filings is a grant of a land patent from the plaintiffs to the plaintiffs. It is, quite simply, an attempt to improve title by saying it is better. The court cannot conceive of a potentially more disruptive force in the world of property law than the ability of a person to get `superior' title to land by simply filling out a document granting himself a `land patent' and then filing it with the recorder of deeds. Such self-serving, gratuitous activity does not, cannot and will not be sufficient by itself to create good title."[18] (emphasis in original)
The court determined that the documents upon which the Britts relied were legal nullities.
In this state, the assessment of property is mandated by the Florida Constitution.[19] The authority for counties, school districts, and municipalities to levy ad valorem taxes, and the authority for the Legislature to authorize special districts to levy ad valorem taxes, likewise emanates from the Florida Constitution.[20] The Florida Supreme Court has stated that "[e]xemptions from taxation must be authorized by the Constitution[.]"[21] Article VII, section 3 of the Florida Constitution delegates authority to the Florida Legislature to provide for exemptions of property used for specific purposes. The Florida Constitution makes no provision to exempt private property subject to a self-prepared "Declaration of Land Patent" for ad valorem taxation.[22] Such a declaration does not appear to present any constitutional or statutory exemption from state taxes such that the Property Appraiser may remove such property from the tax rolls.
In sum, it is my opinion that privately-owned property may not be removed from the tax rolls for ad valorem taxation purposes based on an owner prepared and recorded Declaration of Land Patent.
Question Two
Your second question involves real property subject to a "Common-Law Pure Trust." The trust claims that its property is not taxable because it was transferred into the "Common Law Pure Trust." According to your letter, the Highlands County Property Appraiser has not been provided the instruments of the trust. This office is not authorized to review the terms of trust documents to determine their validity and none have been provided for our review. However, the following general comments are offered to assist the Property Appraiser in determining whether to remove real property subject to a "Common Law Pure Trust" from the tax rolls.
As discussed in Question One above, the Florida Constitution and state statutes provide that all property in Florida is subject to taxation unless it has been expressly exempted.[23] Further, under Florida law, property taxes are levied against the realty itself and not against the property owner.[24]
It appears that the basis upon which the exemption from taxation for Common Law Pure Trust property is asserted isArticle I, section 10 of the United States Constitution.[25] This provision states that "No State shall . . . pass any . . . Law impairing the Obligation of Contracts[.]" I understand the premise of the "Common Law Pure Trust" to be that this federal constitutional provision should be read to provide that any contract is absolutely unassailable and that these contracts (trusts) cannot be challenged in any state or federal court or regulated by the laws of any state because the trust is guaranteed by the United States Constitution. No contract contrary to public policy, however, is protected byArticle I, section 10 of the United States Constitution.[26]
These arrangements, variously described as "family trusts," "ABC trusts," "constitutional trusts", "contract trusts", "family estate trusts," "sovereign trusts," and, as discussed above "pure trusts," have been determined to be "a time-worn tool of tax avoidance, the legitimacy of which has been repeatedly and overwhelmingly rejected in every context that the courts have considered these arrangements."[27] While I am aware of no Florida court cases discussing the ad valorem tax consequences of property held in a "Common Law Pure Trust," a United States Tax Court reviewed several "Common Law Pure Trusts" and determined that they were shams lacking economic or legal substance and were to be disregarded for Federal income tax purposes.[28] The court then concluded that the net income of the business interests purportedly made the subject of the trust were properly taxable to the taxpayers.[29]
In light of the absence of any exemption for "Common Law Pure Trusts" contained in the Florida Constitution or Florida Statutes, it is my opinion that the Highlands County Property Appraiser may not remove privately-owned property from the tax rolls and exempt that property from ad valorem taxation based on the owner of such property transferring it into a "Common Law Pure Trust."
Sincerely,
 Pam Bondi Attorney General
PB/tgh
[1] See
Art. 7, ss. 3 and 4, Fla. Const.; s. 196.001, Fla. Stat.;Colding v. Herzog, 467 So. 2d 980 (Fla. 1985).
[2] See Art. VII, s. 3, Fla. Const.; Sebring AirportAuthority v. McIntyre, 718 So. 2d 296 (Fla. 2d DCA 1998),affirmed, 783 So. 2d 238 (Fla. 2001).
[3] Volusia County v. Daytona Beach Racing and RecreationalFacilities District, 341 So. 2d 498 at 501 (Fla. 1976),appeal dismissed,98 S.Ct. 32, 434 U.S. 804, 54 L. Ed. 2d 61 (1977).
[4] See State ex rel. Wedgworth Farms, Inc. v. Thompson,101 So. 2d 381 (Fla. 1958), Volusia County v. Daytona Beach Racingand Recreational Facilities District, 341 So. 2d 498 (1976),appeal dismissed98 S.Ct. 32, 434 U.S. 804, 54 L. Ed. 2d 61 (1977); Williams v.Jones, 326 So. 2d 425 (1975), appeal dismissed,97 S.Ct 34, 429 U.S. 803, 50 L. Ed. 2d 63 (1976).
[5] "Land Patent," Black's Law Dictionary (8th ed. 2004), p. 1156.
[6] U.S. v. Shumway, 199 F.3d 1093 (9th Cir. 1999). 73B C.J.S. Public Lands s. 199.
[7] In re Johnson, 61 B.R. 858 (Bankr. D. S.D. 1986),Murphy v. Burch,46 Cal. 4th 157, 92 Cal. Rptr. 3d 381, 205 P.3d 289 (2009).
[8] In re Mauk, 56 B.R. 445 (Bankr. N.D. Ohio 1985).
[9] And see Robberts v. Northville Township, 22 Fed. Appx. 527, 528, 2001 WL 1450817 (C.A.6 (Mich.) 2001) (once federal land is sold to a private person the land is subject to ad valorem property taxation as part of the general mass of property in the state), citing Oklahoma Tax Comm'n v. Texas Co.,336 U.S. 342, 353, 69 S.Ct. 561, 93 L.Ed. 721 (1949); OneidaIndian Nation v. County of Oneida,414 U.S. 661, 676-77, 94 S.Ct. 772, 39 L. Ed. 2d 73 (1974);Irwin v. Wright,258 U.S. 219, 228-29, 42 S.Ct. 293, 66 L.Ed. 573 (1922); LummiIndian Tribe v. Whatcom County, Washington,5 F.3d 1355, 1357 (9th Cir. 1993).
[10] Hilgeford v. Peoples Bank,607 F. Supp. 536 (N.D. Ind. 1985).
[11] It appears that the federal statute authorizing land patents was repealed in 1976. See Act of Oct. 21, 1976, Pub.L. No 94-579, Title VII, s. 702.
[12] 225 So. 2d 177 (Fla 1st DCA 1969).
[13] Whaley at p. 180-181.
[14] (March 4, 2008).
[15] The cases cited and discussed in the Taylor case and which are also cited in the letter to Mr. McIntyre are:Wilcox v. Jackson, 38 U.S. 498, 1839 WL 4329 (U.S. Ill. 1839),Litchfield v. The Register and Receiver,76 U.S. 575, 1869 WL 11460 (U.S. Iowa 1869), Wineman v.Fastrell, 54 F. 819, 4 C.C.A. 596 (C.A. 5th 1893), Cage v.Danks, 13 La. Ann. 128, 1858 WL 5069 (La. 1858), UnitedStates v. Steenerson, 50 F. 504 (C.A. 8th 1892); Jenkins v.Gibson, 3 La. Ann. 203, 1848 WL 3756 (La. 1848).
[16] 505 N.E. 2d 387 (Ill. App. 2d Dist. 1987).
[17] See Hilgeford v. Peoples Bank,776 F.2d 176 (C.A. 7th Ind.1985); Hilgeford v. Peoples Bank,607 F.Supp. 536 (N.D. Ind. 1985); Nixon v. Phillipoff,615 F. Supp. 890 (N.D. Ind. 1985); Federal Land Bank v.Gefroh, 390 N.W. 2d 46 (N.D. 1986); Timm v. State Bank,374 N.W. 2d 588 (Minn. App. 1985); Wisconsin v.Glick 782, F.2d 670 (C.A. 7th Wis. 1986).
[18] Hilgeford v. Peoples Bank,607 F.Supp. 536 (N.D. Ind. 1985).
[19] See Art. VII, s. 4, Fla. Const., and s. 192.011, Fla. Stat.
[20] See Art. VII, s. 9, Fla. Const.
[21] Dade County v. Pan American World Airways, Inc.,275 So. 2d 505, 516 (Fla. 1973).
[22] See "taxpayer advisement" from John Felton, Florida Department of Revenue, to William Rudge, dated Jan. 9, 1997, stating that privately owned property which is the subject of a declaration of land patent is subject to ad valorem taxation.
[23] See Art. 7, ss. 3(a) and 10(c), Fla. Const.; VolusiaCounty v. Daytona Beach Racing and Recreational FacilitiesDist., 341 So. 2d 498 (Fla. 1976), Colding v. Herzog,467 So. 2d 980 (Fla. 1985), and s. 196.001, Fla. Stat.
[24] See
ss. 192.011 and 192.032, Fla. Stat. (property assessed according to its situs).
[25] See Letter from Louis E. Vient' 3rd, for the American Constitutional Law Society, to Mr. C. Raymond McIntyre, dated October 11, 2010.
[26] See Clay v. Sun Insurance Office, Ltd.,377 U.S. 179, 84 S.Ct. 1197, 12 L. Ed. 2d 229.
[27] See Itz v. U.S., 1985 WL 1310 (W.D. Tex. 1985) ("family trust") citing Holman v. United States,728 F.2d 462 (10th Cir. 1984); O'Donnell v. Commissioner,726 F.2d 679 (11th Cir. 1984); Hanson v. Commissioner,696 F.2d 1232 (9th Cir. 1983); Schulz v. Commissioner,686 F.2d 490 (7th Cir. 1982); Vnuk v.Commissioner, 621 F.2d 1318 (8th Cir. 1980); Markosian v.Commissioner, 73 T.C. 1235 (1980).
[28] Itz, supra n. 28 at *4.
[29] Id.